UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10274-PBS |
| | ) | |
| | ) | |
| TONY DIAZ, | ) | |
| a/k/a Jose A. Rivera, Jr., | ) | |
| a/k/a Santo Romero Villar, | ) | |
| a/ka/ Jose Rivera Morales, | ) | |
| a/k/a Jose Antoni Morales, | ) | |
| a/k/a Santo Rodolfo Romero Villar, | ) | |
| Defendant. | ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its

attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul

R. Moore, hereby submits its request for jury instructions in the above-captioned matter. The

government reserves the right to supplement, modify, or withdraw these instructions in light of

the defendant's requested instructions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Paul R. Moore
Paul R. Moore
        Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

Suffolk, S.S.                                    Boston, Massachusetts
                                                June 20, 2005

     I, Paul R. Moore, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by first class mail upon attorney for defendant TONY DIAZ, Michael J. Liston, Esq., on this 20th day of June, 2005.


                                    <u>/s/ Paul R. Moore</u>
                                    Paul R. Moore
                                    Assistant U.S. Attorney

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
### (Presumption of Innocence; Burden of Proof; Reasonable Doubt)

As you know, this is a criminal case in which the United States has charged the defendant with committing two crimes. Like every criminal case, the defendant here is presumed by law to be innocent. This presumption of innocence stays with the defendant throughout the course of the trial. It can be overcome only when the United States introduces competent evidence during the course of the trial that satisfies its burden of convincing you beyond a reasonable doubt of the defendants' guilt with respect to every element of both of the charged offenses.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crimes charged. This burden of proof rests upon the United States and it never shifts to the defendant. The defendant is not required to prove anything to you or to present any evidence at all. If the United States fails to meet its burden of proof, then you must acquit the defendant. If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty. A reasonable doubt is not doubt in the mind of a juror who is looking for a doubt or who is looking for an excuse to acquit the defendant. It is doubt in the mind of a reasonable juror who is earnestly seeking the truth. As the words themselves imply, it is a doubt based on reason and common sense.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1 (Cont.)**
**(Presumption of Innocence; Burden of Proof; Reasonable Doubt)**

Proof beyond a reasonable doubt is not proof beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt. The United States is not required to prove the charge to an absolute or mathematical certainty since there are few things in this world that we know with absolute certainty. Thus, the law does not require that the United States prove its case to the same degree of certainty that you have that when you add two plus two you get four. As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of the defendant's guilt.

Federal Judicial Center, Pattern Criminal Jury Instructions, 28 (1988); United States v. DeVincent, 632 F.2d 147, 152-153 & n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir.), cert. denied, 466 U.S. 960 (1984); United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987); United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
### (Function of the Jury)

The function of you as jurors is to determine the facts. You are the sole and the exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence and the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you in order to decide whether the defendant is guilty or not guilty of the charges the United States has brought against him. You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider in your deliberations any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the course of the trial. You are not to decide the case on the basis of what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate as to what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crimes with which the defendant has been charged or the consequences of your verdict. Instead you must confine your deliberations to the evidence and to nothing but the evidence.

See Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 10.01 (4th ed. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
### (Stipulations of Fact - if applicable)

During the presentation of evidence, certain stipulations between the government and the defendant were read to you.  This means simply that both sides accept as fact the propositions stated in those stipulations.  In other words, there is no disagreement as to those points and you must accept them as fact.

Federal Judicial Center, Pattern Criminal Jury Instructions, 12 (1988) (modified).

-6-

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### (Direct and Circumstantial Evidence; Inferences)

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial.  That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence.  Direct evidence is evidence of what a witness sees, hears, touches or in some other way perceives with one of his or her senses.  Circumstantial evidence exists where a witness cannot testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference?  Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will.  An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Drawing inferences is something you do every day.  Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence.  When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses – when it hasn't been proven in that fashion, you jurors must use your collective and general knowledge in determining whether that element has been established by inferences reasonably

-7-

drawn from other facts in evidence.  Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the Indictment.

United States v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
### (Credibility of Witnesses)

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the testimony of the witnesses. What do I mean by credibility? That is simply a fancy word for "believability." It is your function and your function alone to determine the believability of the witnesses who came forward and testified. You are free to decide that you believe all of what a witness told you, or none of what a witness told you, or some of what a witness told you. You're free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying? Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this terribly important judgment about credibility. I can suggest to you, however, some of the things that you should look at in making that judgment. You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and to know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event was over.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5 (Cont.)**
**(Credibility of Witnesses)**

You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case. You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony. The list is not exhaustive. It is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

United States v. Hardy, No. 91-10180-K, Charge to the Jury (D. Mass. Nov. 13, 1991) (Keeton, J.).
See also Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 15.01 (4th ed. 1990).

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
**(Credibility-- Prior Inconsistent Statements)**

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial. You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit District Judges Association, Pattern Jury Instructions, Criminal Cases, § 6.1 (1985).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7
### (Expert Testimony)

You have heard testimony from person(s) described as experts.  A person(s) who, by knowledge, skill, training, education or experience, has become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Edward J. Devitt Et Al., Federal Jury Practice and Instructions,
§ 14.01 (4th ed. 1990) (modified).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 8**
**(Punishment)**

If the defendant is found guilty of either or both of the offenses that have been charged, it

will be my duty to decide what his punishment will be.  You should not be concerned with

punishment in any way.  It should not enter into your consideration or discussion.

U.S. Fifth Circuit District Judges Association, <u>Pattern Jury  Instructions, Criminal Cases</u>, § 1.21
(1990);
Edward J. Devitt Et Al., <u>Federal Jury Practice and Instructions,</u>
§ 18.02 (4th ed. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
### ("On or About")

You will note that the Indictment charges that, for each offense charged, the offense was committed "on or about" a certain date rather than "on" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

Leonard B. Sand Et Al., Modern Federal Jury Instructions, § 6.06, Instruction No. 6-17, (1993);
Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 13.05 (4th ed. 1990);
United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
### (Indictment - Count One - Felon in Possession of a Firearm and Ammunition)

[*Read Count One of the Indictment*]

Count One of the two-count Indictment charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.  This is a criminal statute which provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition in or affecting commerce.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

**FIRST**: That the Defendant was, at the time of possession, a felon, that is, that the Defendant was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and

**SECOND**: That the Defendant knowingly possessed a firearm or ammunition; and

**THIRD**: That such possession was in or affecting commerce.

18 U.S.C. § 922(g)(1); United States v. Ramos, 961 F.2d 1003 (1st Cir. 1992).

-15-

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 11**
**(Indictment - Count Two - Alien in Possession of a Firearm and Ammunition)**

[*Read Count Two of the Indictment*]

Count Two of the two-count Indictment charges the defendant with violating Section 922(g)(5)(A) of Title 18 of the United States Code.  This is a criminal statute which provides that it is unlawful for any alien who is illegally or unlawfully in the United States to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.  Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following four elements:

**FIRST**: That the Defendant was an alien at the time alleged in the indictment;

 **SECOND**: That the Defendant was illegally or unlawfully in the United States at the time

alleged in the indictment;

**THIRD**: That the Defendant knowingly possessed a firearm or ammunition; and

**FOURTH**: That such possession was in or affecting commerce.

18 U.S.C. § 922(g)(5)(A).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
### (Prior Felony Conviction)

With regard to Count One, the first element which the government must prove to you beyond a reasonable doubt is that the defendant was a felon at the time of possession.  You must be satisfied that the defendant was convicted in *any* court of a crime punishable by imprisonment for a term exceeding one year and that such conviction took place at a time before the time it is alleged that the defendant was in possession of a firearm or ammunition.

(*READ BELOW **IF** STIPULATION THAT DEFENDANT HAS PRIOR FELONY CONVICTION*)

In this case, the government and the defendant have stipulated that prior to the date of the alleged offense, the defendant was convicted in a court of the Commonwealth of Massachusetts of a crime punishable by a term of imprisonment exceeding one year.  The defendant has thus stipulated to the first element of the charged offense.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13
### (Definition of "Alien")

With regard to Count Two, the first element which the government must prove to you beyond a reasonable doubt is that the defendant was an "alien" at the time of possession.  The term "alien," as used in these instructions, means any person who is not (or then was not) a citizen or national of the United States and who was unlawfully in the United States.

Federal Jury Practice And Instructions (Criminal),
Kevin F. O'Malley, Jay E. Grenig, and Hon. William C.
Lee, § 61.10 "Alien"--Defined

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14
### (Intent)

Regarding "alienage," specific intent is not an element of the alienage alleged in the

offense charged in Count Two.  The government need not prove that the defendant knew he was

not entitled to be present in the country without permission from governmental authorities,

including either the Attorney General of the United States or the Secretary of the Department of

Homeland Security.  The government need only prove that the defendant was in the United

States unlawfully.

*See* United States v. Ortegon-Uvalde, 179 F.3d 956 (5th Cir.1999); United States v. Trevino-Martinez, 86 F.3d 65 (5th Cir.1996), cert. denied, 117 S.Ct. 1109. United States v. Hussein, 675 F.2d 114, 115-116 (6th Cir.1982), cert. denied, 459 U.S. 869, 103 S.Ct. 154, 74 L.Ed.2d 129 (1982).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15
### (Being "In" the United States)

With regard to Count Two, the government must merely prove that the Defendant was present in the United States; that is, that he was then physically present in the United States. The government does not need to prove how or when the Defendant entered the United States.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 16
### ("Possession" - Actual and Constructive)

With regard to both Count One (second element) and Count Two (third element), the government must prove beyond a reasonable doubt that the defendant knowingly possessed a firearm or ammunition.  What do we mean by the term possessed when used in a legal sense?  The law recognizes two kinds of possession:  actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it.  Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object.  For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence.  Possession may be solely with one person or may be shared jointly by two or more persons.  Possession may be actual or constructive.  It is not necessary to prove ownership of the object.  The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of a firearm or ammunition.

United States v. Lamara, 711 F.2d 3, 5 (1st Cir. 1983);

United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989);

United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982);

United States v. Alverson, 666 F.2d 341, 345 (9th Cir. 1985);

United States v. Craven, 478 F.2d 1329, 1337 (6th Cir.), cert. denied, 414 U.S. 866(1973);

Edward J. Devitt Et Al., Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990);

Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 35-59 (1993).

See also United States v. Wight, 968 F.2d 1393, 1398 (1st Cir. 1992) ("as long as . . . [a person] knowingly has the power and the intention at a given time of exercising dominion and control over a firearm or over the area in which the weapon is located, directly or through others, he is in possession of the firearm").

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 17
### (Firearm)

With regard to Count One and Count Two, the possession to which I have referred must be of a "firearm or ammunition."  The term "firearm" means any weapon which will or is designed to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device.  This definition of "firearm" includes handguns, rifles, and shotguns.

18 U.S.C. §921(a)(3).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 18
### (Ammunition)

With regard to Count One and Count Two, the term "ammunition" means any ammunition or cartridge cases, shotgun-shells, primers, bullets, or propellant powder designed for use in any firearm.

18 U.S.C. §921(a)(17)(A).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 19
### (Knowledge)

With regard to Count One and Count Two, the government must also establish beyond a reasonable doubt that the defendant was in <u>knowing</u> possession of a firearm or ammunition. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm or ammunition. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing a firearm or ammunition.

United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d));
United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983);
United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

**(Proof of Knowledge)**

With regard to Count One and Count Two, since it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm or ammunition is possessed knowingly if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 6-17 (1993).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 21**
**(Interstate Commerce)**

With regard to Count One and Count Two, the final element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of a firearm or ammunition was in or affecting commerce. The term "in or affecting commerce" simply means that the firearm or ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm or ammunition, it moved across a state line or international boundary. Thus, if it is established that the firearm or ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the firearm or ammunition in some other state and carried it into Massachusetts. Nor must the government prove who did purchase the firearm or ammunition or how it arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state or national boundary lines. All that is required is proof that the firearm or ammunition had traveled in interstate commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of it.

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);
United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975);
Edward J. Devitt Et Al., Federal Jury Practices and Instructions,
§ 36.14 (4th ed. 1990); Leonard B. Sand Et Al., Modern Federal Jury Instructions, No. 35-55 (1993).