UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V.                                            )<br>)<br>TONY DIAZ                               )<br>                                             ) | NO. 04-10274-PBS |

### DEFENDANT'S MOTION IN LIMINE
### TO EXCLUDE CERTIFIED
### CONVICTION INTO EVIDENCE

The defendant moves that this Court preclude the government from introducing a certified criminal conviction into evidence. In support of this motion, the defendant states that there is no admissible, non-hearsay evidence, which connects the criminal conviction with the defendant at trial.

### FACTS

Attached to this motion is the entire set of certified documents, docket number MICR1993-01090, which the Government obtained from the Middlesex Superior Court Clerk's Office regarding the alleged conviction of the defendant. As the Court will see, the indictment in that matter was returned on July 1, 1993. The original docket in this matter was handwritten on the back of the indictment itself. These handwritten notations contain the charges, court dates, and ultimately a guilty plea on April 27, 1998. No where in any of these pages is there any

biographical information except a defendant's name of "Tony Diaz, aka" or "Tony Diaz, also know as Santo Romero."

There is also a computerized printout which is four pages long. On the face sheet of this printout is a defendant's name of Tony Diaz, along with a birth date of April 7, 1965. There is no evidence to determine where the information regarding the date of birth was derived.

## LAW

The Government must seek to admit the certified copy of conviction pursuant to Fed. R. Evid. 803(8), the Public Records exception. However, pursuant to 803(8), "the mere fact that document qualifies as a public record, however, does not ipso facto overcome the hearsay objection unless the document relates to an event to which the author himself testify. This is for the reason that the public documents exception to the hearsay rule is only the substitute for the appearance of the public official who made the record." U.S. v. Chu Kong Yin, 935 F.2d 990, 999 (9th Cir. 1991), quoting Yaich v. U.S., 283 F.2d 613, 616 (9th Cir. 1960).

Since there is no indication who the person was who entered the information into the computer system, and more importantly, any indication who the date of birth was derived, this information is hearsay and not admissible under the Public Record Exception.

WHEREFORE, the defendant's motion should be allowed and the

                Tony Diaz
                By His Attorneys

                CARNEY & BASSIL


                /s/Andrew D'Angelo

                Andrew M. D'Angelo
                B.B.O. # 564200
                CARNEY & BASSIL
                20 Park Plaza, Suite 1405
                Boston, MA 02116
                617-338-5566
                adangelo@CarneyBassil.com


Date:  November 7, 2005