```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


                             )
UNITED STATES OF AMERICA     )
                             )
V.                           )        NO. 04-10274-PBS
                             )
TONY DIAZ                    )
                             )
```

**DEFENDANT'S MOTION IN LIMINE
TO REDACT CERTIFIED CONVICTION**

The defendant has moved in a prior motion in limine that this Court preclude the government from introducing a certified criminal conviction into evidence. In the alternative, the defendant moves that this Court order that the Certified Conviction be redacted to remove the alleged date of birth of that defendant as, "04/07/1965." In support of this motion, the defendant states that admission of this alleged date of birth violates the defendant's right to confrontation pursuant to the United States Constitution. See Crawford v. Washington, 124 S.Ct. 1354 (2004). Additionally, the alleged date of birth is hearsay and does not fit within any exception to the hearsay rule.

The United States Supreme Court held that the Confrontation Clause of the United States Constitution precludes the government from introducing "testimonial" out-of-court statements by witnesses unless the witness is unavailable and the defendant had

a **prior** opportunity to cross-examine the witness.  <u>Crawford v. Washington</u>, 124 S.Ct. 1354 (2004).  At a minimum, "testimonial" covers: (1) "ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine or similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; (2) "extrajudicial statements … contained in affidavits, depositions, prior testimony, or confessions"; and (3) statements "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."  <u>Horton v. Allen</u>, 2004 WL 1171383 (1st Cir., May 26, 2004).  Testimonial includes prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and to police questioning.  <u>Crawford v. Washington</u>, <u>supra</u> at 1374.

There is no information as to where the date of birth was derived.  It is possible, if not likely, that the date of birth information was taken from the police report or the district court criminal complaint.  The information contained in the police report may have been gotten from that defendant's booking.  Obviously, statements taken at booking, are are testimonial under even a narrow standard.  <u>Crawford v. Washington</u>, <u>supra </u>at 1364.

The Court rejected the view that the Confrontation Clause is directed only at in court testimony and that introduction of out of court statements is dependent on the "law of Evidence for the

time being." "Leaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices." <u>Crawford v. Washington</u>, <u>supra</u> at 1364. "Where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to amorphous notions of 'reliability." <u>Id</u>. at 1370.

    Further, as explained in detail in the Defendant's Motion in Limine to Exclude Certified Conviction Into Evidence, the date of birth statement in the Certified Conviction is hearsay and does not fit into any exception to the hearsay rule.

    WHEREFORE, the defendant's motion should be allowed and the date of birth should be redacted.

                                    Tony Diaz
                                    By His Attorneys

                                    CARNEY & BASSIL

                                    /s/Andrew D'Angelo

                                    Andrew M. D'Angelo
                                    B.B.O. # 564200
                                    CARNEY & BASSIL
                                    20 Park Plaza, Suite 1405
                                    Boston, MA 02116
                                    617-338-5566
                                    adangelo@CarneyBassil.com

Date:  November 8, 2005