UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10274-PBS |
| | ) | |
| | ) | |
| TONY DIAZ, | ) | |
| a/k/a Jose A. Rivera, Jr., | ) | |
| a/k/a Santo Romero Villar, | ) | |
| a/ka/ Jose Rivera Morales, | ) | |
| a/k/a Jose Antoni Morales, | ) | |
| a/k/a Santo Rodolfo Romero Villar, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby submits this Response in Objection to Defendant's Motions in Limine.

I.      Defendant's "Motion in Limine to Exclude Certified Conviction into Evidence"

The defendant, by not stipulating to one of his felony convictions (to which he is entitled under Tavares), cannot now force the government to prove his status as a felon and, at the same time, prevent the government from so offering proof.

In the current matter, the government believes that it has offered - quite reasonably - to redact any and all areas of the certified record which may be unfairly prejudicial. Nonetheless, the government seeks to enter into evidence those portions of the certified record which verify that the defendant was in fact the individual housed in state prison, pursuant to his conviction and under the name of his current matter as well as one of the aliases he has most recently

employed.

The government believes that the Certified Conviction (Middlesex Superior Court, attached to Defendant's Motion) is properly admissible as a self-authenticating document, pursuant to FRE 902(4). Furthermore, FRE 803(8) provides that public records are an exception to the hearsay rule. No witness need be called to verify that it is a true and correct copy of the docket entry of the court.

According to the court in *United States v. Lechuga*, 975 F.2d 397, 399 (7th Cir. 1992), when an authorized person certifies facts asserted in public records pursuant to Rule 902(4), the facts asserted in those same public records are also admissible pursuant to Rule 803(8).

The defendant has relied extensively on *United States v. Chu Kong Yin*, 935 F.2d 990 (9th Cir. 1991), in which that court limited the admissibility of hearsay public documents absent a showing that their preparers were percipient witnesses to facts set forth therein or that information was transmitted by person with first-hand knowledge of alleged prior convictions.

In the current matter, the record does not concern records from China, as was the case in *Yin*. Here, the records are drawn domestically from the Middlesex Superior Court. There are no indicia of unreliability, particularly as might be the case with documents from abroad.

As a result, the government respectfully urges the court to allow the Certified Conviction into evidence.

II.     Defendant's Motion in Limine to Redact Certified Conviction

The government again emphasizes its full willingness to redact all facts and assertions contained within the certified records which are unfairly prejudicial to the defendant. The government seeks only to admit those portions of the docket entries and other portions of the

certified records which tie the defendant to that criminal record (eg., biographical data, location).

The government is more than willing to avoid the admission of that portion of the certified record which mentions the period of incarceration (5 years and a day under a 5 year minimum mandatory sentence for drug distribution) and to seek Judicial Notice of the fact that the sentence carried met or exceeded that required under federal law.

The government respectfully urges this Court to allow - with the offered redactions - the conviction into evidence as is necessary for the government to meet its burden.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By:  /s/ Paul R. Moore
> Paul R. Moore
> Assistant U.S. Attorney

November 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney for defendant Tony Diaz, Andrew M. D'Angelo, Esq., on November 8, 2005, via electronic filing and hand delivery by the undersigned (Carney & Basil, 20 Park Plaza, Suite 1405, Boston, MA 02116).

> /s/ Paul R. Moore
> Paul R. Moore
> Assistant U.S. Attorney