UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIM. NO. 04-10274-PBS |
| ) | |
| TONY DIAZ ) | |

### OPPOSITION TO GOVERNMENT'S SUMMARY OF EVIDENCE
### IN SUPPORT OF ARMED CAREER CRIMINAL SENTENCING POSITION

The defendant hereby submits an opposition to the Government's position that the defendant should be considered an "armed career criminal."

### DOCUMENTS AND TESTIMONY RELATING TO THE
### DEFENDANT ALLEGEDLY BEING INVOLVED IN A SHOOTING

The defendant objects to the admission of the Grand Jury testimony of Henry Gonzalez (Exhibit 1)[1], the Incident Reports (Exhibit 2-3), the transcript of the 911 call and related Police Radio Traffic (Exhibit 5), and the testimony of the police officers at the Motion to Suppress hearing (Exhibit 26).

The defendant submits that the admission of this Grand Jury testimony, the incident report, and the 911 call is a violation of the defendant's rights under the Confrontation

---

[1] Exhibits referenced in this Opposition were submitted by the Government attached to its Memorandum

Clause. See Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004).[2]

Additionally, the defendant submits that this evidence has no indicia of reliability. Simply because this witness testified before the Grand Jury or provided information to the police does not magically turn the evidence into reliable evidence. "The legacy of Roberts in other courts vindicates the Framers' wisdom in rejecting a general reliability exception…Reliability is an amorphous, if not entirely subjective, concept." Crawford v. Washington, supra at 62-63.

The defendant has never had the opportunity to question the Gonzalez'. The Government made the decision at trial in the instant matter to not call any witnesses regarding the alleged shooting. According to its Memorandum, the Government did not admit the evidence "attempting to avoid any potential issue for appeal on the grounds of unfair prejudice…" At trial, the defendant would have had the ability to cross-examine the Gonzalez' veracity regarding the incident and explore whether the

---

[2] The defendant acknowledges this Circuit's decision in United States v. Luciano, 414 F.3d 174 (1st Cir. 2005), that the Sixth Amendment right to confront witnesses does not apply at sentencing. However, since the Supreme Court has not squarely addressed whether Crawford applies at sentencing hearings, the defendant maintains his objection.

2

defendant ever shot a gun, and if so, whether there was any rational explanation, such as self-defense. Now, however, the Government seeks to use the same evidence to assist the Court in enhancing the defendant's sentencing, without giving him the ability to question the witnesses. This is fundamentally unfair, especially since the Government cannot produce the witnesses at this hearing.

There is no dispute that the Gonzalez' identified the defendant to the police. However, the police officers testimony about what the Gonzalez' told them is also hearsay. In spite of the Court's finding at the Motion to Suppress hearing that these were excited utterances, the Gonzalez' statements are not reliable. Where this evidence is being utilized to enhance the defendant's sentence, the defendant should have the opportunity to question the veracity of the Gonzalez'. Without their appearance in Court to be questioned, this is impossible. If the Court does not consider the "excited utterances" of the Gonzalez', then the testimony of the officers at the Motion to Suppress hearing, is not relevant to any issue at the defendant's sentencing.

For all these reasons, the defendant submits that the evidence presented to support the alleged shooting is not

reliable and the testimony of the officers at the Motion to Suppress hearing is not relevant.

## THE DEFENDANT'S ALLEGED PRIOR CONVICTIONS

The defendant's position at all times relevant to sentencing has been that the Government has failed to properly connect the defendant to the alleged prior convictions by a preponderance of the evidence. In order to properly prove that each conviction is actually that of the defendant's, the Government must show that the Tony Diaz before the Court is the same man who:

1. Plead guilty on June 5, 1990 in Suffolk Superior Court (Docket No. 076210-211);

2. Plead guilty on August 5, 1996 in Worcester Superior Court (Docket No. 1995-00370-01);

3. Plead guilty on April 27, 1998 in Middlesex Superior Court (Docket No. 931090-001).

## SUFFOLK SUPERIOR DOCKET NO. 076210

The government has offered the Suffolk Superior Court documents detailing the June 5, 1990 conviction (Exhibit 9). Additionally, the government has produced a picture of the defendant from MCI Walpole with an Inmate No. of 48544 (Exhibit 10). Another document, "Record of Deportable Alien" (Exhibit 12), references Inmate No of 48544 and Suffolk Superior Docket No. 076210.

Without conceding that the Government has proven this conviction by a preponderance of the evidence, the

defendant would like to focus the Court on the other two alleged convictions referenced in the Government's Memorandum.

### MIDDLESEX SUPERIOR COURT DOCKET NO. 931090

The Government has merely submitted the criminal docket sheets for this conviction. There is no evidence which connects that case to the defendant. The Government points to information which shows that the person who plead guilty on April 27, 1998, at one point was brought into Court from MCI Concord. Additionally, the indictments refer to prior convictions from Suffolk Superior Court.

There are no pictures of the person who plead guilty on April 27, 1998. There is no inmate number attached to the person who plead guilty which is connected to the defendant. Lastly, there are no fingerprints which connect the defendant to this conviction. This evidence does not establish even by a preponderance of evidence that the defendant before the Court is the same person who plead guilty on April 27, 1998.

### WORCESTER SUPERIOR COURT DOCKET NO. 1995-00370

The Government has merely submitted the docket for this conviction. There is no evidence which connects that case to the defendant. There are no pictures of the person who plead guilty on August 5, 1996. There is no inmate

6

number attached to the person who plead guilty which is connected to the defendant. Lastly, there are no fingerprints which connect the defendant to this conviction. This evidence does not establish even by a preponderance of evidence that the defendant before the Court is the same defendant who plead guilty on August 5, 1996.

## OTHER DOCUMENTS OFFERED BY GOVERNMENT

Exhibits 18 through 25 do not contain any information about prior convictions. Additionally, there is direct or indirect connection between these documents and the Suffolk, Middlesex, or Worcester convictions. Therefore, they have no relevance.

## CONCLUSION

There has not been sufficient evidence presented to support the conclusion that the defendant has three prior drug convictions. Therefore, by a preponderance of the evidence, the Government has failed to prove that the defendant is an Armed Career Criminal. Accordingly, 18 U.S.C. 924(e) and §4B1.4 of the Sentencing Guidelines do not apply.

The defendant submits that the hearsay presented as evidence to support the factual conclusion that the defendant used a firearm in connection with a violent crime

is not reliable and the Court should therefore exclude the evidence.

Therefore, pursuant 18 U.S.C. § 924(a)(2), the defendant should be imprisoned for not more than 10 years.[3]

Tony Diaz<br>
By His Attorney<br>
<br>
_____/s/Andrew D'Angelo_____<br>
<br>
Andrew M. D'Angelo<br>
B.B.O. # 564200<br>
CARNEY & BASSIL<br>
20 Park Plaza, Ste. 1405<br>
Boston, MA 02116<br>
617-338-5566

Date:  May 24, 2006

---

[3] If the Court admits the hearsay evidence and finds that the defendant brandished the firearm and discharged it, pursuant to 18 U.S.C. § 924 (a)(2) and 18 U.S.C. § 924 (c)(1)(A)(iii) the defendant's prison term is a minimum mandatory 10 year sentence and a maximum of ten years.