UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY DIAZ,
    Petitioner,

        v.                      CR. No. 04-10274-PBS
                              (Related to C.A. 09-11644-PBS)
UNITED STATES OF AMERICA,
    Respondent.

MEMORANDUM AND ORDER
June 9, 2010

SARIS, D.J.

## I. INTRODUCTION

On September 28, 2009 *pro se* petitioner Tony Diaz ("Diaz"), a prisoner in custody at the United States Penitentiary, Atwater, California, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 74).[1] In this action, Diaz challenges his conviction, after a jury trial, for possession of a firearm and ammunition by an unlawful alien. He also challenges his enhanced sentence of 262 months imprisonment, imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He alleges, *inter alia*, ineffective assistance of both his trial counsel and his appellate counsel, as well as errors by this Court during trial and sentencing.

Specifically, with respect to ineffective assistance of

---

[1] In accordance with standard policy, the Clerk's Office opened the § 2255 matter as a new civil case, Diaz v. United States, C.A. 09-11644-PBS, for administrative purposes.

counsel claims against his trial attorney, Diaz asserts that counsel failed: (1) to raise a justification, duress, or self-defense claim; (2) to inform him of his right to testify at trial; (3) to advise him that if he pled guilty instead of proceeding to trial, he would have received a sentence of no more than 10 years imprisonment; (4) to attack his criminal history score as applied to the ACCA; and (5) to request that the passport and travel documents used in evidence against him at trial be translated into English.

With respect to ineffective assistance of counsel claims against his appellate attorney, Diaz alleges that his appellate counsel failed: (1) to attack his criminal history score as applied to the ACCA; (2) to raise Amendment 709 to mitigate his sentence; and (3) to seek a Stay until the United States Supreme Court rendered a decision in Arizona v. Gant, 129 S.Ct. 1710 (2009).

Additionally, although not set forth expressly, Diaz challenges this Court's admission of passport and travel documents.  He also challenges this Court's application of the ACCA to enhance his sentence in light of Amendment 709 and United States v. Godin, 522 F.3d 133 (1st Cir. 2008).

## II. DISCUSSION

This Court has considered the various arguments presented by

Diaz and by the United States, and finds that the matter presents complex § 2255 claims which have not been addressed satisfactorily by either of the parties in their briefs. The Court deems that further briefing is necessary on, *inter alia*, the ineffective assistance of counsel claims as well as the Amendment 709 claims, with consideration of Diaz's criminal history and the implications of United States v. Ahrendt, 560 F.3d 69, 79 (2009)(remanding for resentencing because the Sentencing Commission's policy position reflected in Amendment 709 might have some influence on the judge's discretionary choice of sentence), and United States v. Godin, 522 F.3d 133, 136 (1st Cir. 2008 ("neither this court nor the district court is governed by a non-retroactive substantive amendment adopted after the defendant's sentencing, *but* both we and the district could be influenced by an amendment that merely clarified an earlier provision...").

In light of the complex circumstances of this case, the Court considers that it may be unduly difficult for Diaz to prosecute his § 2255 claims *pro se* further, particularly if discovery is necessary. Therefore, at this juncture, the Court finds that it is in the interests of justice to appoint counsel for him under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, for all further § 2255 proceedings.

Accordingly, the Clerk is directed to appoint CJA counsel for Diaz unless, within 14 days of the date of this Memorandum and Order, Diaz files a written objection to the appointment.  If Diaz objects to appointment, he shall continue to proceed *pro se.* If CJA counsel is appointed, Diaz may not file any further pleadings *pro se*, unless he first consults his CJA attorney and certifies to the Court with any filing that he has done so.[2]

Within 14 days after appointment of CJA counsel (or after Diaz's election to proceed *pro se*), the parties shall file a Status Report with a proposed briefing and/or discovery schedule.

### III.   CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The Clerk shall appoint CJA counsel for petitioner unless, within 14 days of the date of this Memorandum and Order, he files a written objection to appointment.  If petitioner objects, he shall continue to proceed *pro se*; and

2. Within 14 days after appointment of CJA counsel (or after petitioner's election to proceed *pro se*), the parties shall file a Status Report with a proposed briefing and/or discovery schedule.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

---

[2]   Diaz need not disclose any attorney-client communications in this certification; he is only required to disclose the fact of communication.